INHABITANTS OF GLENBURN *vs.* INHABITANTS OF OLDTOWN.

*Notice under R. S., c. 24, § 27—effect of misstatement in.*

A notice under R, S., c. 24, § 27, containing a misstatement as to material facts is not a compliance with that statute.

ON REPORT.

This was an action to recover for pauper supplies. Frances A. Hinckley, one of the paupers, was born in Oldtown, and has had

Glenburn *v.* Oldtown.

her settlement in that town ever since. She married one Moulton, and, while that marriage was still in force, was married again to Timothy Caton, who never had a settlement in this State. By Caton she had several children. The notice described the paupers as "Mr. Timothy Caton, his wife, Frances A. Caton, and their children," and was in other respects similar to the notice in the preceding case. Such judgment was to be entered as the case required.

*Wm. H. McCrillis* and *J. Varney*, for the plaintiffs.

*Sewall & Blanchard*, for the defendants.

WALTON, J. Overseers of the poor are to send a written notice, "stating the facts respecting a person chargeable in their town," to the overseers of the town where his settlement is supposed to be, with a request for his removal. Rev. Stat., c. 24, § 27.

A notice, which, instead of stating the facts, states what is not true in important particulars, is not a compliance with this provision of law. We do not mean to say that a mistake in an unimportant particular would vitiate the notice. But the misstatement of material facts—facts so important that they change the settlement of the pauper—will vitiate it. Thus the statement that a woman and children are the wife and children of a man named, when in fact she is not his wife, but is living with him in a state of adultery, and does not follow his settlement, but has a separate settlement of her own, and the children are illegitimate, and do not follow the settlement of their father, but have a separate settlement derived from their mother, is such a misrepresentation of material facts as will vitiate the notice, and prevent its laying the foundation for a recovery of the expense incurred in their support. It is not the mere fact of calling the woman by a name which she has no lawful right to bear, that vitiates the notice; but the fact that she and her children are falsely represented as bearing such a relation to the man named as would, if true, make them follow his settlement, when in truth they bear no such rela-

tion, and as matter of fact have separate settlements of their own. *Holden* v. *Glenburn*, ante 579.

The notice in this case is defective in all these particulars. We think it is not sufficient to sustain the action.

*Judgment for defendants.*

Appleton, C. J., Cutting, Danforth, Barrows and Peters, JJ., concurred.